Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

CHRISTOPHER J. MCCANN (SBN 212961)
**LAW OFFICES OF CHRISTOPHER J. MCCANN, APC**
1633 E. 4th St., Ste. 248
Santa Ana, CA 92701
Telephone: (949) 596-0060
Facsimile: (949) 474-0306
Email: chris@cjmdefense.com

Attorneys for Plaintiff MICHAEL MERZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MERZ, | ) Case No. |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR DAMAGES FOR:** |
| vs. | ) |
| | ) 1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force; |
| CITY OF HUNTINGTON BEACH; GRANT HASSELBACH; and DOES 1 through 10, inclusive, | ) 2. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline; |
| Defendants. | ) 3. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Custom, Practice or Policy; |
| | ) 4. California State Law Claim For Violation Of Civil Code § 52.1; |
| | ) 5. California State Law Claim For Battery; |

COMPLAINT FOR DAMAGES
1

)   6.  California State Law Claim For
)       Negligence.
)
)       **JURY TRIAL DEMANDED**
)

**COMES NOW** Plaintiff Michael Merz and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      This action has been timely brought as Plaintiff's claims were tolled during the pendency of the underlying criminal action pursuant to Government Code § 945.3.

## **GENERAL ALLEGATIONS**

5.  Plaintiff Michael Merz, hereinafter referred to as "MERZ" or "Plaintiff MERZ," is a natural person, who, at all times complained of in this action, resided in the Central District of California.

6.  Defendant City of Huntington Beach hereinafter also referred to as "CITY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.  Defendant Grant Hasselbach, hereinafter also referred to as "HASSELBACH", is, and at all times complained of herein, was, a peace officer employed by the Huntington Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

11.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Huntington Beach Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to

plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Huntington Beach Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

13.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Huntington Beach Police Department and/or defendant City of Huntington Beach, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Huntington Beach Police Department for, *inter alia*,: 1)

COMPLAINT FOR DAMAGES

using excessive force; 2) unlawfully using chokeholds and or carotid holds 3) failing to train officers when it is lawful to strike a suspect in the head; and 4) for covering up the tortious conduct of Huntington Beach Police Department officers.

14.   At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Huntington Beach Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

15.   At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Huntington Beach Police Department and/or otherwise with defendant CITY.

16.   In addition to the above and foregoing, Defendants HASSELBACH and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.     Defendants HASSELBACH and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (Against HASSELBACH and DOES 1 through 6, inclusive)

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     On or about October 4, 2019, Defendants HASSELBACH and DOES 1 through 6, inclusive, were patrolling near Brookhurst Street and Hamilton Avenue in Huntington Beach, California.

21.     Defendant HASSELBACH, alleges that he witnessed MERZ driving a car in excess of the posted speed limit and with tinted windows.

22.     Defendant HASSELBACH activated his forward-facing red lights and pulled MERZ over.

COMPLAINT FOR DAMAGES
6

23.     MERZ complied and stopped his vehicle on Hamilton Avenue just east of Brookhurst Street.

24.     Defendants DOES 1 through 6, inclusive, arrived on scene.

25.      HASSELBACH exited his vehicle and approached MERZ.

25.     Defendant HASSELBACH asked MERZ to exit the vehicle. MERZ complied and exited the vehicle.

26.     HASSELBACH and DOES 1 through 6 soon thereafter initiated a driving under the influence of alcohol investigation, asking numerous questions of MERZ which MERZ answered.

27.     HASSELBACH and DOES 1 through 6 requested that MERZ perform field sobriety tests.

30.     HASSELBACH demanded that MERZ perform voluntary field sobriety tests on an uneven, rocky entrance to a riverbed.

31.     MERZ complained about having to perform a balance test on a heavily sloped area. HASSELBACH rudely demanded MERZ perform the test there anyway.

32.     MERZ declined to perform the voluntary test, which enraged HASSELBACH, who charged at MERZ who did not move.

33.     HASSELBACH grabbed MERZ arm and twisted it upward and behind his back.

COMPLAINT FOR DAMAGES
7

34.     Despite the fact that MERZ was not resistant and was immobilized by his arms being lifted upward behind his back, HASSELBACH and DOES 1 through 6 slammed MERZ face-first onto the pavement who was unable to break his fall.

35.     HASSELBACH then got on top of MERZ and applied a chokehold to MERZ by putting his right forearm across MERZ face and inhibiting MERZ' breathing.

36.     MERZ had done nothing to justify the use of a chokehold.

37.     Due to the choking force of HASSELBACH'S right arm, MERZ bit into HASSELBACH'S forearm in self defense. MERZ believed that HASSELBACH was going to choke him to death.

38.     HASSELBACH sat up and using his left fist, punched MERZ into the left temple area seven (7) times, causing MERZ to lose consciousness, despite the fact that MERZ was unable to breath and not resisting or assaultive to the officers.

39.     The defendants then handcuffed MERZ and arrested him.

40.     Paramedics were called and MERZ was taken to the hospital where he was treated for injuries he suffered as a result of the defendants' unreasonable force.

41.     As a direct and proximate result of the actions of defendants HASSELBACH and DOES 1 through 6, inclusive, as complained of herein, MERZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 3) incurred medical and psychological costs,

bills and expenses and 4) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

42.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of MERZ' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $1,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against CITY)

43.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44.     As complained of herein above, the acts of Defendants HASSELBACH and DOES 1 through 6, inclusive, deprived MERZ of his rights under the laws of the United States and The United States Constitution.

45.     The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted MERZ.

46.     Specifically, CITY has failed to properly trained their officers that using chokeholds can be deadly force and failed to properly train their officers on when it is lawful to punch suspects in the head.

47.     The actions of HASSELBACH are eerily similar to the conduct of the defendant Huntington Beach Police Department officer in *Duran v. City of Huntington Beach*, et. al. Case No.: 18-cv-00659-JVS-(DFMx). The defendant officer in *Duran* was also caught on camera unreasonably placing the plaintiff in a choke hold and repeatedly punching the plaintiff in the head. The CITY defended and attempted to justify the action of the defendant officer in *Duran*.

48.  Furthermore, CITY was aware of the violent propensities of the individual defendants and failed to properly discipline and/or train the defendants.

49.     CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

50.     The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of MERZ' rights by Defendants HASSELBACH and DOES 1 through 6, inclusive.

51.     CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of MERZ' rights as to be the moving force that ultimately caused MERZ' injuries.

52.     As a direct and proximate result of the actions of Defendant CITY, as complained of herein, MERZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against CITY)**

53.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54.     As shown above, the actions of Defendants HASSELBACH and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution and under the California Constitution, as described above.

55.     At all times complained of herein, Defendants HASSELBACH and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Huntington Beach Police Department / defendant CITY:  1) for using excessive / unreasonable force on persons;  2) unlawfully using chokeholds; 3) unlawfully punching suspects in the head; and 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in

COMPLAINT FOR DAMAGES
11

order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

56.    Furthermore, Defendant CITY has had a longstanding custom, practice and policy of using chokeholds and punching suspects in the head.

57.    Many police agencies have banned the use of chokeholds.

58.    The actions of HASSELBACH are eerily similar to the conduct of the defendant Huntington Beach Police Department officer in *Duran v. City of Huntington Beach*, et. al. Case No.: 18-cv-00659-JVS-(DFMx). The defendant officer in *Duran* was also caught on camera unreasonably placing the plaintiff in a choke hold and repeatedly punching the plaintiff in the head. The CITY defended and attempted to justify the action of the defendant officer in *Duran*.

59.    Said actions of said defendants were done by them under the color of state law.

60.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

COMPLAINT FOR DAMAGES

61.     As a direct and proximate result of the actions of defendant CITY, MERZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

### FOURTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

62.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 61, inclusive, above, as if set forth in full herein.

63.     The actions of Defendants HASSELBACH and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiff MERZ of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

64.     Defendants HASSELBACH and DOES 1 through 6, inclusive, are liable to MERZ for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

65.     As a direct and proximate result of the actions of defendants HASSELBACH and DOES 1 through 6, inclusive, as complained of herein, MERZ: 1)

COMPLAINT FOR DAMAGES

was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

66.     The actions of Defendants HASSELBACH and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

67.     In addition, as a result of the actions of Defendants HASSELBACH and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff MERZ is entitled to an award of treble compensatory damages against said defendants, and each of them.

## FIFTH CAUSE OF ACTION
### Battery
### Under California State Law
### (Against all Defendants)

68.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.     The actions committed by HASSELBACH and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence

COMPLAINT FOR DAMAGES

14

upon Plaintiff MERZ, and, therefore, constituted a battery by said above-referenced defendant officers under California state law.

70.     As a direct and proximate result of the actions of Defendants HASSELBACH and DOES 1 through 6, inclusive, Plaintiff MERZ was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

71.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $1,000,000.00.

### SIXTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against All Defendants)**

72.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.     As shown above, HASSELBACH and DOES 1 through 6, inclusive, owed a duty to refrain from using excessive force against MERZ.

COMPLAINT FOR DAMAGES

74.    As shown above, HASSELBACH and DOES 1 through 6, inclusive, breached their duty of care to MERZ by failing to refrain from using excessive force against MERZ.

75.    Plaintiff MERZ had a sensory awareness of being beaten and arrested by Defendants HASSELBACH and DOES 1 through 6, inclusive.

76.    Accordingly, the actions committed by Defendants as complained of herein, constituted a breach of defendants' duty to use due care toward Plaintiff under California State Law; negligence.

77.    As a direct and proximate result of the actions of defendants, Plaintiff MERZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $1,000,000.00;

c) Treble damages;

d) For an award of reasonable attorney's fees and costs;

COMPLAINT FOR DAMAGES
16

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.

_____*/S/ Gregory Peacock*_____ _
GREGORY PEACOCK